CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 1 6 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:93-cr-00066-1 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EVERETTE BRYANT LAW | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

On March 18, 2008, I issued a notice [docket no. 169] to the defendant and other interested parties that defendant qualified to have his base offense level reduced by two points in accordance with the policy of the United States Sentencing Commission.[1] I further notified the parties that I intended to decline to grant the defendant a two point reduction in his base level offense pursuant to 18 U.S.C. § 3582(c)(2) because defendant's offenses involved a very large quantity of drugs, he obstructed justice, and he was on state parole for a drug conviction. On May 6, 2008, I issued an order [docket no. 183] denying a reduction in defendant's sentence, citing the aforementioned reasons for the denial.

The case is presently before the court on defendant's motion [docket no. 184] dated May 23, 2008, seeking reconsideration of the order denying the reduction. My denial of defendant's 3582(c)(2) motion is reflects the exercise of my discretion and, given that defendant's offenses involved a very large amount of drugs, that he obstructed justice, and that he was on state parole for

---

[1] Under 18 U.S.C. § 3582(c)(2), the court may recalculate a defendant's sentencing guidelines range and correspondingly reduce his sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, regarding crack cocaine sentencing. The Amendment was presented to Congress on May 1, 2007, as Amendment 9; however, it became effective, on November 1, 2007, as Amendment 706 of the United States Sentencing Guidelines. See U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. Id. Amendment 713 makes Amendment 706 retroactively applicable, effective March 3, 2008. See U.S. SENTENCING GUIDELINES MANUAL supplement to 2007 supplement to app. C (2008).

a drug conviction, it is my opinion that the provisions of the judgment of April 1, 1994, are appropriate and will remain in effect. Accordingly, defendant's motion [docket no. 184] seeking reconsideration is hereby **DENIED**.[2]

ENTER: This 16th day of June, 2008.

                                              *Jackson L. Kiser*
                                            Senior United States District Judge

---

[2] Out of an abundance of caution, defendant is advised that, as a general matter, there is no right to a hearing and the assistance of counsel on consideration of a motion for reduction of sentence under § 3582(c). See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'"), quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999).